UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENYON M. NORBERT, JR.,

    Plaintiff,

v.

SAN FRANCISCO SHERIFF'S DEPARTMENT STAFF,

    Defendant.

Case No. 15-cv-05755-DMR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, who is currently in custody at the San Francisco County Jail #5 on 1 Moreland Drive, San Bruno, California ("SFCJ #5"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials violated his constitutional rights by being deliberately indifferent to his safety needs and by denying him "3 hrs. a week [of] recreation." Dkt. 1 at 6.[1]

Plaintiff has consented to magistrate judge jurisdiction. *Id.* at 5. Therefore, this matter has been assigned to the undersigned Magistrate Judge.

In his complaint, Plaintiff does not name any individual Defendants. Dkt. 1 at 2-3. Instead, he names the "San Francisco Sheriff's Department staff" because he claims he "cannot name all classification dep./deputies responsible for placing [him] with inmates that were prone to attack." *Id.* at 3. Plaintiff adds that "every day their [sic] is a different deputy at each post." *Id.* Plaintiff seeks injunctive relief and monetary damages. *Id.*

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at SFJC #5 and SFCJ #4 (850 Bryant Street in San Francisco, California), which are both

---

[1] Page number citations refer to those assigned by the court's electronic case management filing system and not those assigned by Plaintiff.

located in this judicial district.  *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

### B. Legal Claims

#### 1. Deliberate Indifference to Safety Needs

Plaintiff alleges that on an unspecified date prior to November 27, 2015, the date he signed his complaint, certain unnamed deputies transferred him from SFCJ #5 to SFCJ #4 for a court appearance. Dkt. 1 at 6. Plaintiff, who is an African American and claims to be a "documented gang member," alleges that on the seventh floor of SFCJ #4, deputies "no longer separate African American gangs as they still separate Mexican gangs." *Id.* Plaintiff claims that SFCJ #4 and SFCJ #5 deputies "were allowed to p[i]t African American inmates against each other for entertainment, then use excessive force to the 5th power when they broke up the fight." *Id.*

On the day of his transfer, Plaintiff was initially placed in a holding cell. *Id.* Plaintiff alleges that "[b]efore the deputy could unhandcuff [him], [he] was assaulted by a documented gang member." *Id.* Plaintiff claims that the deputies then broke up the fight, and an unnamed deputy "slam'd [sic] [him] into the bars and bust[e]d [his] face wide open." *Id.*

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In particular, officials have a duty to protect inmates from violence at the hands of other inmates. *See id.* at 833. A prison official violates the Eighth Amendment only when two

3

requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834.

Liberally construed, the allegations of the complaint could state a claim under section 1983 for deliberate indifference to Plaintiff's safety in violation of his Eighth Amendment rights.[2] However, Plaintiff has failed to allege the date of the incident. And, more importantly, Plaintiff has not adequately linked any specific individually-named Defendant to his claim. Instead, as mentioned above, Plaintiff names the "San Francisco Sheriff's Department staff" as the Defendant group in this action. A defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). Either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed. *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). Plaintiff cannot name "San Francisco Sheriff's Department staff" as the Defendant group without naming and linking specifically each jail employee to his Eighth Amendment claim. Therefore, the Defendant group of "San Francisco Sheriff's Department staff" (as opposed to individually named jail employees) is DISMISSED. However, the court will grant Plaintiff leave to amend to allege the date of the incident and to name specific individually-named Defendants and link each of them to his Eighth Amendment claim.

**2. Denial of Recreation**

Plaintiff also claims that the SFCJ "Classification and Housing Deputies violated [his] constitutional right to 3 hrs. a week [of] recreation, a right mandated to [him] by title 15."[3] Dkt. 1 at 6-7. Plaintiff claims that he has been "confined to [his] cell for 9 consecutive months." *Id.* at 7.

---

[2] Plaintiff contends he has filed multiple administrative appeals (grievances) on this issue which have never been answered. Dkt. 1 at 2. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

[3] When Plaintiff refers to "title 15," the court assumes that he means Title 15 of the California Code of Regulations.

4

Deprivations that are authorized by state law, such as Title 15 of the California Code of Regulations, and are less severe or more closely related to the expected terms of confinement, may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487. Such a hardship exists when conditions of confinement do not mirror those in other housing units, but rather "works a major disruption" in the prisoner's environment. *Id.* at 486-87. Ordinarily, placement in disciplinary segregation works no such disruption. *Id.* at 486.

Here, Plaintiff does not indicate whether he was found guilty of any disciplinary violations, which resulted in the aforementioned loss of recreation. As currently pled, the court cannot determine whether, liberally construed, Plaintiff has suffered from an atypical and significant hardship as a result of any punishments imposed.

Moreover, even assuming that Plaintiff can demonstrate a deprivation of his liberty interest, it is unclear what procedural protections he did not receive. Under the Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974). These protections include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.*

Here, again, Plaintiff does not indicate whether he had been charged of a disciplinary violation. Even if he had been charged with such a violation, Plaintiff does not allege that he was denied notice of any charges against him, or the opportunity to call witnesses and present evidence in his defense. As such, the court finds that Plaintiff fails to state a Fourteenth Amendment due process claim as it relates to the punishments imposed upon him in the form of loss of recreation.

1    Plaintiff is granted leave to amend this claim to cure the deficiencies described above if he
2    can do so in good faith.  Specifically, Plaintiff must allege facts which show that the punishments
3    imposed subjected him to an atypical and significant hardship in relation to the ordinary incidents
4    of prison life.  Plaintiff must further allege facts specifying what procedural protections he was
5    denied.  Finally, similar to his Eighth Amendment claim above, the court will grant Plaintiff leave
6    to amend to name specific individually-named Defendants and link them to this claim as well.

### 3. Rule 18(a) and Rule 20

A plaintiff may properly join as many claims as he has against an opposing party.  Fed. R. Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different.  *Id.* The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.

Here, the court has determined above that Plaintiff's complaint contains insufficient information with respect to the claims above.  At this time, the court in unable to determine whether Plaintiff's Eighth Amendment claim is related to his claim of denial of recreation, and it is not known whether the two claims involve the same Defendants.  Therefore, in his Amended Complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all

defendants named therein. Plaintiff must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

In sum, the court will allow Plaintiff leave to prepare a proper Amended Complaint that is consistent with federal pleading standards. As explained above, Plaintiff must correct the deficiencies outlined as to each of his claims above. Plaintiff is also advised that for each claim, he must, to the best of his ability, specifically identify each Defendant, and specify what constitutional right he believes each Defendant has violated. Importantly, Plaintiff must allege facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's liability. A person deprives another of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

### III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. The Defendant group of "San Francisco Sheriff's Department staff" is DISMISSED from the complaint with prejudice.

2. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

      i. Set forth **each claim** in a separate numbered paragraph;

      ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

7

          iii.      Identify the injury resulting **from each claim**;

    b.      Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

    c.      Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, the Amended Complaint may only allege claims that:

          i.      Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

          ii.      Present questions of law or fact common to **all Defendants**;

    d.      **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

    e.      **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

    3.      Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above.  Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 15-5755 DMR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  He may not incorporate material from the original complaint by reference.  If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.  **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without**

**prejudice.**

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: July 7, 2016



DONNA M. RYU
United States Magistrate Judge